IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BOBBIE MOORE**                                                                        **PLAINTIFF**

**v.**                                                                  **CAUSE NO. 4:23-cv-59-MPM-JMV**

**NORTH BOLIVAR CONSOLIDATED**                          **DEFENDANT**
**SCHOOL DISTRICT**

**ORDER**

This matter is before the court on the motion [15] of Defendant North Bolivar Consolidated School District seeking entry of an order staying all discovery pending a ruling on its Motion to Dismiss [6].

As initial grounds for the motion to stay, Defendant stated, in relevant part:

> This Court's local rules provide for a stay of discovery upon the filing of a motion to dismiss asserting…a jurisdictional defense L.U. Civ. R. 16(b)(3)(B); *Boone Funeral Home, Inc. v. Lakeview Gardens, Inc.*, 2017 U.S. Dist. LEXIS 227232, *2 (N.D. Miss. 2017). Here, a jurisdiction motion has been filed.

More specifically, Defendant initially argued that because its motion to dismiss raised a failure to administratively exhaust defense – namely that Plaintiff never raised before the EEOC a claim that she was denied a new position on a protected basis – it had, as a matter of law, asserted a jurisdictional defense and thus a stay of the case pursuant to the aforementioned local rule is warranted. In support of this argument, Defendant cites *Clayton v. Rumsfeld*, 106 F. App'x 268, 271 (5th Cir. 2004), for the holding that "[c]ourts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies."

By way of reply [25], the defendant, however, concedes its reliance on *Clayton* is misplaced. While at one time there was authority in the Fifth Circuit for the argument that a failure to exhaust administrative remedies before the EEOC would deprive federal courts of subject matter jurisdiction over a subsequently filed discrimination lawsuit, *see Pacheco v. Mineta*, 448 F.3d 783, 788 n. 7 (5th Cir. 2006) (listing previous Fifth Circuit cases where failure to exhaust was considered jurisdictional), it is now settled law that failure to exhaust does not deprive the court of jurisdiction. *See Davis v. Fort Bend Cty.*, 893 F.3d 300, 305 (5th Cir. 2018) ("[A] Title VII plaintiff's failure to exhaust her administrative remedies is not a jurisdictional bar but rather a prudential prerequisite to suit."), *aff'd sub nom. Fort Bend Cty. v. Davis*, 139 S. Ct. 1843 (2019). Administrative exhaustion is a mandatory rule; however, it is not jurisdictional. *See Fort Bend Cty.*, 139 S. Ct. 1843, 1851-52. Accordingly, assuming only for the sake of argument – but without commenting on the merits – that Defendant has raised a valid failure to exhaust defense, it is not mandatory grounds to stay the case for lack of jurisdiction.

Within this same reply brief, Defendant urges this Court to nevertheless exercise its discretion to stay discovery during the pendency of the outstanding motion to dismiss. Defendant, for the first time in its briefing on the motion to stay,[1] contends that the court may stay discovery "for good cause shown" under Federal Rule of Civil Procedure 26. In doing so, "courts consider '(1) the breadth of discovery sought; (2) the burden of responding to that discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay.'" *See* [25] at 4 (citing *DFW Dance Floors LLC v. Suchil*, 2023 U.S. Dist. LEXIS 20133 (N.D. Tex. Feb. 7, 2023)).

---

[1] Generally, when arguments are raised for the first time in a reply brief, they are considered waived. *See Sensory Path Inc. v. Fit and Fun Playscapes LLC*, No: 3:19CV219-GHD-RP, 2022 WL 17073159, at *4 (N.D. Miss. Nov. 17, 2022).

As part of its motion to stay, Defendant reiterates its argument from its motion to dismiss that the EEOC charge fails to allege failure to promote, but instead alleges non-renewal. See [16] at 2-3 ("In her EEOC charge, Moore clearly alleges she was non-renewed on the bases of her race and age, but there is no mention by Moore that the failure to promote Moore to the new position would be the subject of a future Title VII lawsuit."); see also [7] at 6 ("In short, Moore's allegations to the EEOC is that she was discriminated in her 'non-renewal' – she is not making the 'failure to promote' claim she makes here."). To this end, Defendant purports that the claim before this Court is a failure to promote claim, and as such, the complaint is due to be dismissed because failure to promote was not alleged in the EEOC charge.

Plaintiff, in opposing the motion to stay, argues that Defendant "has not alleged that Moore's wrongful termination claim was not before the EEOC…. Thus, there is no dispute as to this Court's jurisdiction over the wrongful discharge claim." [18] at 3. Also, within her Memorandum [13] in Opposition re [6] the Motion to Dismiss, Plaintiff argued that "it is unnecessary to decide whether this is a failure to promote case, as Defendant contends, or is a wrongful discharge case, or is a hybrid of both. Once the facts are developed, it may be determined that the job in issue was not a promotion at all, but was essentially the same job from which [Plaintiff] was non-renewed."

Given that there is an open dispute as to the extent of the allegations, the undersigned does not find it appropriate to stay discovery at this time.

Accordingly, the motion to stay is hereby **denied**.

**SO ORDERED,** this the 31st day of July, 2023.

/s/ Jane M. Virden
United States Magistrate Judge