IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BOBBIE MOORE**                                                                   **PLAINTIFF**

**v.**                                **CIVIL ACTION NO.: 4:23-CV-00059-MPM-JMV**

**NORTH BOLIVAR CONSOLIDATED SCHOOL DISTRICT**          **DEFENDANT**

**ORDER**

This cause comes before the court on the motion of defendant North Bolivar Consolidated School District ("the school district") to dismiss this action filed against it, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Bobbie Moore has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, is prepared to rule.

This is an age and sex discrimination case, based on the ADEA and Title VII, arising out of defendant's April 7, 2022 decision not to renew plaintiff in her position as the Director of the school district's Alternative School and its failure to hire her for a similar position it later created. [See Complaint at ¶ 5-6]. In her complaint, plaintiff alleges that:

> After non-renewing Plaintiff, Defendant made postings for new positions, including a position which would have been substantially the same as Plaintiff's position. Specifically, Defendant posted a position having the title of Assistant Principal/Alternative School Director. Plaintiff had previously been the Alternative School Director, and would have been the natural person to fill the position of Assistant Principal/Alternative School District. Accordingly, Plaintiff began to prepare her application papers to apply for this position. In the process of preparing her paperwork, Plaintiff learned she would be required to submit a transcript of her grades, even though she had been employed by Defendant for thirty (30) years. Plaintiff talked with a lead teacher about this requirement, and the lead teacher informed Plaintiff that she understood that the position had already been filled. Plaintiff then called her Principal who confirmed the information given to Plaintiff, that the position of Assistant

1

>    Principal/Alternative School Director had already been filled. Thus, there was no need for Plaintiff to apply for the position."

[Complaint Doc. 1 at ¶¶ 7-8]. Plaintiff alleges she then learned from an undisclosed source "that the person who filled the position was a young male." (Complaint Doc. 1 at ¶9). Plaintiff further alleges that "[t]here is no reason [she] should have been displaced for the position and replaced with a young male, except for her age (sixty-two (62) at that time), and her gender, female." (Complaint Doc. 1 at ¶10).

In seeking dismissal, defendant argues that:

>    Here, Plaintiff Moore's claims of discrimination in this "failure to promote" case fail out of the gate as she admits she never applied for the position in question. Here, Plaintiff admits she did not apply for the position as she avers she was told by an unnamed teacher and a principal (not the Superintendent) the position was "filled." Plaintiff Moore then states "there was no need for Plaintiff to apply for the position." (Complaint Doc. 1 at ¶8)(emphasis added). Plaintiff is not complaining about the non-renewal decision in this Title VII claim, only the "failure to promote." Thus, Plaintiff must show she "applied for the position" which she has not and cannot do in this case because she admits she never submitted an application. In fact, in the EEOC Charge attached to Plaintiff Moore's Complaint, there is no mention of an application or a desire to apply at all. (See Ex. "A" to Plaintiff's Complaint, Doc. 1).

[Brief at 3-4]

Defendant's entire motion to dismiss appears to be based on the assumption that "[p]laintiff is not complaining about the non-renewal decision in this Title VII claim, only the 'failure to promote.' " [Brief at 4]. Based on this characterization, defendant argues that, given her failure to apply for the position in question, plaintiff is unable to establish the elements of a failure to promote claim. *Id.* In her brief, however, plaintiff disputes this characterization of her claim, arguing that "it is unnecessary to decide whether this is a failure to promote case, as Defendant contends, or is a wrongful discharge case, or is a hybrid of both. Once the facts are developed, it may be determined that the job in issue was not a promotion at all, but was essentially the same job from which [plaintiff] was non-renewed." [Docket entry 13].

In agreeing with plaintiff that she should at least be given a chance to perform discovery, this court emphasizes that she was sixty-three years old at the time of her non-renewal and that she had worked for defendant for thirty years. While this court certainly does not believe that these facts, standing alone, are sufficient to establish fact issues regarding a claim for age discrimination, they do cause it to want to know more about the circumstances surrounding plaintiff's non-renewal and how the new position, which plaintiff claims was substantially identical to her old one, came to be created and filled. Indeed, this court can envision some cases in which an employer who wishes to "get rid of" a particular employee might seek to create a new position which is more or less identical to the employee's old one and fill it before she even knew to apply for it. This court can further imagine some cases in which the circumstances surrounding the creating and filling of such a position are sufficiently suspicious to help support a finding of pretext and/or improper motive. This court is certainly not saying that this is the case here, but it does believe that plaintiff's lengthy tenure at the school district militates in favor of allowing her to conduct discovery in this regard.

As is often the case with employment discrimination claims, full and complete answers to these questions are not to be found in the limited pleadings and can only be developed in discovery. This is why this court generally has a strong preference for deciding non-frivolous employment discrimination claims on summary judgment, rather than in the context of a Rule 12 motion to dismiss. Moreover, while this court agrees with defendant that it would have been preferable for plaintiff to make more specific allegations of age discrimination in her complaint, it is, at the end of the day, more interested in the substantive merits of a lawsuit.[1]

---

[1] In this vein, this court notes for the record that the basic facts of this case appear much less suggestive of sex discrimination than age discrimination. In so stating, this court makes the rather obvious observation that defendant was well aware that plaintiff was a female when it

In light of the foregoing, this court concludes that it will be in a much better position to address the issues in this case once discovery has been conducted, and, if necessary, an amended complaint has been filed. This court will therefore dismiss the motion to dismiss without prejudice to the arguments therein being raised in the context of a motion for summary judgment following discovery.

It is therefore ordered that defendant's motion to dismiss is dismissed.

This, the 25th day of January, 2024.

    /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

hired her and retained her as an employee for over thirty years. This court therefore believes that, if plaintiff is unable to develop proof of sex discrimination during discovery, she would be well advised to consider dropping her sex discrimination claim. In so stating, this court notes its belief that, quite often, "more is less" when it comes to discrimination claims, since multiple claims frequently end up competing with each other for limited causation oxygen and thereby weaken the plaintiff's entire case.